**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Allen Roderick Manuel,<br><br>　　　　　Defendant. | No. CR-13-1026-001-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Allen Roderick Manuel's Motion to Suppress. (Doc. 21.) For the reasons discussed below, Manuel's Motion is denied with respect to both the firearm found in the vehicle and the ammunition found on Manuel's person.

## BACKGROUND

On June 27, 2013, two officers of the Salt River Police Department (the "Police") observed a Dodge Ram 1500 four door pick-up truck fail to stop at a stop sign on the Salt River Community. (Doc. 21 at 3; Doc. 23 at 2.) The truck was driven by Shawn Sampson and owned by a member of Sampson's family. (Doc. 21 at 3.) Police approached the truck and Sampson told them that he had failed to stop because the truck was running out of gas. (Doc. 21 at 2; Doc. 23 at 2.)

One of the officers, Detective Kalama, recognized the front seat passenger as the Defendant, Allen Roderick Manuel, who he knew from prior contact in the community. (Doc. 23 at 2.) Both Detective Kalama and fellow officer, Detective Hogan, claimed to know that Manuel had a violent criminal history and was known to possess weapons. (*Id.*)  The Police also observed Sheila Terry, Sampson's girlfriend, in the backseat, along with Terry's two children. (Doc. 21 at 3.)

The Government alleges that, given the traffic violation, presence of children, presence of a person with a violent criminal history, and concern for officer safety, the Police requested and received verbal consent from Sampson to search the truck. (Doc. 23 at 2.)

Detective Kalama then searched the vehicle while Detective Hogan stayed with the occupants nearby. (*Id.*) Detective Kalama searched the front passenger side compartment and located a 40 oz. bottle of malt liquor underneath the front passenger seat. (Doc. 21 at 4; Doc. 23 at 2.) The bottle was partially full and cold to the touch with the mouth of the bottle facing forward. The Government asserts that the bottle was in reach of both Sampson and Defendant. (Doc. 23 at 2.) Defendant asserts that the bottle was more likely placed underneath the seat from the rear of the car. (Doc. 24 at 6.) The Police did not see Defendant consume any alcohol or assert that he demonstrated any signs of having done so. (Doc. 21 at 4; Doc. 23 at 4.) Further, none of the passengers made any statement regarding ownership of the bottle. (Doc. 21 at 4.) Detective Kalama continued to search the vehicle and located a loaded .22 caliber handgun in the glove compartment of the truck. (Doc. 21 at 5; Doc. 23 at 4.)

Police then arrested both Sampson and Defendant, but not Terry, for possession of the open container under the Salt River Pima-Maricopa Indian Community Code of Ordinances. (Doc. 23 at 2.) In relevant part, the statute states that "[i]t shall be unlawful for any person to consume or be in possession of any open container of alcoholic beverages while operating or while within the passenger compartment of a motor vehicle that is located on any roadways or public parking lots within the [Salt River

Community]." (*Id.*, citing Salt River Community Code, § 14-18(z).)

Detective Hogan then searched Manuel's person incident to arrest. (Doc. 21 at 5; Doc. 23 at 4.) He located five live .22 caliber rounds of ammunition wrapped in a tissue in Manuel's pocket. (*Id.*)

The instant federal charges were sought against Manuel as a prohibited possessor of the handgun and ammunition due to his prior felony conviction under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). (Doc. 23 at 4.) Manuel now moves to suppress both the ammunition and firearm. (Doc. 21 at 7–8.) He asserts that Police lacked probable cause to arrest him for the open container violation and argues that both items should be suppressed as fruits of that illegal arrest. (*Id.* at 5–7.) The Court held an evidentiary hearing on September 25, 2013.

## ANALYSIS

### 1. Ammunition Found on Defendant's Person

Manuel first seeks to suppress the ammunition found on his person following his arrest. He alleges that the ammunition should be suppressed because the officers lacked probable cause to arrest him. (Doc. 21 at 7.) The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A warrantless arrest by police is reasonable under the Fourth Amendment when "there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Id.* (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)). Additionally, "an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Id.* at 153 (citing *Whren v. United States*, 517 U.S. 806, 812-13 (1996)). Thus, the "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Id.*

Here, the officers arrested Manuel for possessing an open container of alcohol

while in a vehicle under the Salt River Community Code, Section 14-18(z). Manuel does not contest that a partially full, unsealed bottle of alcohol was found under the passenger seat of the truck in which he had been seated while it was located on the Salt River Pima–Maricopa Indian Community, meeting those requirements of the statute. *See* Salt River Community Code, § 14-18(z). However, Manuel does dispute that the officers had probable cause to believe he was "in possession" of the bottle under the statute. (Doc. 21 at 6–7.)

It is "well established that a person's mere presence or 'mere propinquity to ... criminal activity does not, without more, give rise to probable cause.'" *United States v. Lopez*, 482 F.3d 1067, 1074-75 (9th Cir. 2007) (quoting *Ybarra v. Illinois,* 444 U.S. 85, 91 (1979)). However, this "mere presence" doctrine is distinguished from "cases in which the 'facts and circumstances ... support an inference that [an] individual is connected to the proximate criminal activity.'" *Id.* (quoting *United States v. Buckner,* 179 F.3d 834, 839 (9th Cir. 1999)). This is such a case. Here, the bottle was unsealed, partially consumed, cold to the touch, and found directly underneath the seat of the truck where Manuel was seated. (Doc. 23 at 7.) Manuel argues that the bottle could have been placed under the seat from the backseat of the truck. (Doc. 24 at 6.) But "probable cause means 'fair probability,' not certainty or even a preponderance of the evidence." *United States v. Gourde,* 440 F.3d 1065, 1069 (9th Cir. 2006). "Finely-tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the. . . decision." *Illinois v. Gates,* 462 U.S. 213, 235 (1983). Accordingly, the Police had probable cause to arrest Manuel on the open container violation based on the condition and position of the bottle. Given that Police searched Manuel's person incident to this lawful arrest, the search was lawful and the ammunition found during the search should not be suppressed. *See Arizona v. Gant*, 556 U.S. 332, 338 (2009) (internal citation omitted) ("Among the exceptions to the warrant requirement is a search incident to a lawful arrest… The exception derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations.").

**2.     Firearm Located in the Truck**

Manuel also seeks to suppress the firearm found by Police in the glove compartment of Sampson's truck. He argues that the firearm should be suppressed either because it was found as a result of the allegedly unlawful arrest, or because, as a matter of law, Sampson's consent to search was revoked upon the location of the open container. However, Defendant fails to articulate a nexus between the discovery of the firearm and the subsequent arrest for the open container violation. He further fails to offer any legal authority that would suggest that Sampson's consent to search his truck was revoked as a matter of law once officers located one item of contraband.[1]

The Government asserts that Sampson gave verbal consent to search the truck. (Doc. 23 at 2.) If valid consent was given and the search was within the scope of that consent, the search was lawful. *Florida v. Jimeno*, 500 U.S. 248, 250-51 (1991) (internal citation omitted) ("[W]e have long approved consensual searches because it is no doubt reasonable for the police to conduct a search once they have been permitted to do so.").

However, even if valid consent was not given, Manuel lacks standing to challenge the search of the truck as he was merely a passenger. *United States v. Pulliam*, 405 F.3d 782, 785-86 (9th Cir. 2005) (quoting *United States v. Twilley,* 222 F.3d 1092, 1095 (9th Cir.2000) (quoting *United States v. Eylicio–Montoya,* 70 F.3d 1158, 1162 (10th Cir.1995))) ("As a passenger with no possessory interest in the car [driver] was driving, [Defendant] 'has no reasonable expectation of privacy in a car that would permit [his] Fourth Amendment challenge to a search of the car.'"); *see also United States v. Aquil*, 202 F.3d 279 (9th Cir. 1999) (quoting *Rakas v. Illinois,* 439 U.S. 128, 148-49 (1978)) ("Generally, a passenger of an automobile does not have a reasonable expectation of privacy in the glove compartment, trunk, or the area under the seat of an automobile, since 'these are areas in which a passenger *qua* passenger simply would not have a

---

[1] Defendant argues that any consent given by Sampson was, as a matter of law, revoked at the time that Sampson was arrested for the open container violation, but provides no authority for this position. Defendant argues in good faith for an extension of the existing law in this area. The Court declines that invitation.

legitimate expectation of privacy.'") As a result, the firearm found in the glove compartment during that search should not be suppressed. Therefore,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Evidence (Doc. 21) is **DENIED**.

Dated this 30th day of September, 2013.

*A. Murray Snow*
/G. Murray Snow
United States District Judge